UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
05-10201-GAO

UNITED STATES OF AMERICA

v.

OSCAR VELASQUEZ
a/k/a KING POLO

**MEMORANDUM AND ORDER ON**
**GOVERNMENT'S MOTION FOR DETENTION**

August 16, 2005

DEIN, M.J.

## I.  GOVERNMENT'S MOTION FOR DETENTION

The defendant is charged in a multi-count indictment with conspiracy to

distribute heroin in violation of 21 U.S.C. § 846, eight counts of distribution of heroin in

violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2.

There is also a criminal forfeiture allegation under 21 U.S.C. § 853.  An initial

appearance was held on August 5, 2005 before Magistrate Judge Leo T. Sorokin, at

which time the defendant was represented by counsel and the government moved for

detention.  A detention hearing was held before this court on August 10, 2005, at which

time the defendant was represented by counsel.  Detective Richard Brooks of the

Lawrence Police Department testified and was cross-examined by defendant's counsel.

For the reasons detailed herein, this court concludes that there are no conditions which will reasonably assure the safety of the community pending trial. The court, therefore, orders that the defendant be detained prior to trial.

## II. THE BAIL REFORM ACT

A.     Under the provisions of 18 U.S.C. § 3142 ("The Bail Reform Act"), the judicial officer shall order that, pending trial, the defendant either be (1) released on his or her own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation or exclusion; or (4) detained. See 18 U.S.C. § 3142(a).

Under § 3142(e), a defendant may be ordered detained pending trial if the judicial officer finds by clear and convincing evidence after a detention hearing "that no condition or combination of conditions (set forth under § 3142(b) or (c)) will reasonably assure the safety of any other person or the community . . . ," or if the judicial officer finds by a preponderance of the evidence after a detention hearing "that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ." See United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).

B.     The government is entitled to move for detention on grounds of danger to the community in a case that –

(1)     involves a crime of violence within the meaning of 18 U.S.C. § 3156(a)(4);

(2)     involves an offense punishable by death or life imprisonment;

(3)    involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[1] or more; or

(4)    involves any felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime, the punishment for which is death or life imprisonment, or a ten year [or more] offense under the Controlled Substances Act or the Controlled Substances Import and Export Act.

Additionally, the government or the court sua sponte may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses.  See 18 U.S.C. § 3142(f).

C.    In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning --

(a)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(b)    the weight of the evidence against the accused;

(c)    the history and characteristics of the person, including --

---

[1]    The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense – not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines.  See United States v. Moss, 887 F.2d 33, 336-37 (1st Cir. 1989).

(i)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(ii)   whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(d)   the nature and seriousness of the danger to any other person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).

D.   Additionally, in making the determination, the judicial officer must consider two rebuttable presumptions, to wit:

First, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person or the community if the judicial officer finds (1) that the defendant has been convicted of a federal crime of violence within the meaning of § 3156(a)(4) [or a state crime of violence within the meaning of § 3156(a)(4) if the offense would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed], a federal offense for which the maximum sentence is life imprisonment or death, a federal offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act -- e.g., possession of cocaine, heroin, or more than 1000 pounds of marijuana, with intent to distribute, the Controlled Substances Import and Export Act, or any felony after the person has been convicted of two or more prior offenses as described immediately above, or two or more state or local offenses that would have

-4-

been offenses described immediately above if circumstances giving rise to federal jurisdiction had existed; (2) that prior offense was committed while the person was on release pending trial; and (3) not more than five years has elapsed since the date of conviction for that prior offense, or his or her release for that prior offense, whichever is later.  See 18 U.S.C. § 3142(e).

Second, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act or the Controlled Substances Import and Export Act or an offense under the provisions of 18 U.S.C. § 924(c) – i.e., use of or carrying a firearm during the commission of a federal offense which is a felony.  See 18 U.S.C. § 3142(e).

Insofar as the latter "presumption" is applicable in assessing "risk of flight," the burden remains with the government to establish "that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ."  In striking the proper balance, this court must bear in mind Congress' findings that major drug offenders, as a class, pose a special danger of flight.  The burden then rests on the defendant to come forward with "some evidence" indicating that these general findings are not applicable to him for whatever reason advanced.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).  This "only imposes a burden of production on a defendant.  The burden of persuasion remains with the government." United

States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987) (per curiam); see also United States v. Perez-Franco, 839 F.2d 867, 869-70 (1st Cir. 1988).  Even when a defendant produces "some evidence" in rebuttal, however, the presumption does not disappear.  Rather, it retains some evidentiary weight, the amount of which will depend on how closely the defendant's case "resembles the congressional paradigm" and other relevant factors.  Palmer-Contreras, 835 F.2d at 17-18; Dillon, 938 F.2d at 1416.  See United States v. Jessup, 757 F.2d 378, 387 (1st Cir. 1985).

## III.  DISCUSSION OF WHETHER DETENTION IS WARRANTED

"Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant."  U.S. v. Tortora, 922 F.2d 880, 888 (1st Cir. 1990), and cases cited.  Based on the record before me, I find that there are no conditions which may be imposed which will reasonably insure the safety of the community pending trial.

Since the defendant is charged with a violation of the Controlled Substances Act (21 U.S.C. § 801 et seq.) which carries a maximum sentence of ten years or more imprisonment, the rebuttable presumption that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety of the community applies.  As an initial matter, this court finds that the defendant has not met his burden of production in response to the presumption.  Even without the presumption, however, I find that the government has proven by clear and convincing evidence that there are no conditions or combination of conditions which will reasonably assure the safety of other persons and the community.

For this reason, I do not need to reach the issue whether the government has proven by a preponderance of the evidence that no condition or combination of conditions will reasonably assure that the defendant will appear.

### A. The Offense Charged And Weight Of The Evidence

The defendant is charged with a serious drug offense. He faces a term of imprisonment up to 40 years, with a mandatory minimum of 5 years imprisonment if convicted of the drug crimes charged. The evidence against him is strong.

Briefly, the evidence before the court is that the defendant made eight sales of heroin to a confidential witness ("CW"). The sales total more than 100 grams of heroin. The controlled buys are videotaped and recorded. Generally, the CW would give the money to the defendant, at which point the defendant would leave, and return with the drugs which he had gotten from another individual. During one transaction, on November 21, 2004, the defendant told the CW that the defendant had shot someone three times in the leg.

The government also argued that the defendant is a member of a violent street gang called the Latin Kings. However, the only evidence presented was that the defendant used the name "King Polo," with "King" being a common name for gang members, and that he used a common form of greetings among gang members. This evidence is insufficient at this juncture to establish gang affiliation, and this court will not consider any alleged gang membership, or the reputation of the Latin Kings, in making the detention decision.

### B. History And Characteristics Of The Defendant

The defendant was born on June 16, 1977 in Connecticut. However, he grew up in Massachusetts and is a life-long resident of the Commonwealth. He is involved in a 12 year relationship with Luz Carmona, who is the mother of his two children. However, they do not live together. Ms. Carmona is partially disabled due to a spinal chord injury, and the defendant helps her with errands and the like.

The defendant attended school through 12th grade, but did not complete his education. At the time of his arrest he had just started a job detailing cars for $8/hour. Prior to that time he was employed as a laborer for DMG Construction in Lowell, Massachusetts.

The defendant's parents live in Lowell, Massachusetts. He has five siblings who live in Massachusetts, New Hampshire and New York.

The defendant has a limited criminal record. In 1999 he was found guilty of resisting arrest, assault and battery, and assault and battery on a police officer in connection with a domestic dispute. Earlier charges in 1997, 1998 and 1999 of trespassing and assault and battery were continued and dismissed. Similarly, charges in 2000 of assault and battery, malicious destruction of property and threatening were continued and dismissed, and charges in 2004 of making annoying telephone calls and assault with a dangerous weapon were continued and dismissed.

The defendant was charged under the name of Oscar Velez with possession of 41 milligrams of cocaine, a misdemeanor, in Philadelphia. He failed to appear for trial

on October 10, 1995 and a bench warrant was issued for his arrest.  It is still outstanding.

The defendant admits to using cocaine often, and to smoking marijuana since the age of 14.  He has not received drug treatment.

## C. <u>Danger To The Community</u>

The government has met its burden of proof, by clear and convincing evidence, that there are no conditions or combination of conditions of release which will reasonably assure the safety of other persons and the community. There is substantial evidence that the Defendant was engaged in the repeated sale of heroin, and that he has access to a significant quantity of the drug. Based on the Defendant's statements, it also appears that he has access to guns.

The Defendant does not have a history of stable employment, or other sources of legitimate income. Thus, it appears likely that the Defendant will engage in drug trafficking in order to support himself, his girlfriend and their children.

This court recognizes that the defendant has a limited criminal history. Nevertheless, the frequency of drug sales from November, 2004 through May, 2005 indicates that the Defendant was participating in an established business of drug dealing, and that the sales to the CW were not simply random events.

The rebuttable presumption which applies in the case of drug charges was premised, in part, on Congress' conclusion "that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" S. Rep. No. 225, 98th Cong., 1st Sess. 13 (1983). Recognizing that the burden of persuasion remains with the government at all times, I find that the presumption of dangerousness has not been rebutted.

### D. Risk Of Flight

The government also argues that the defendant poses a serious risk of flight. This court recognizes that the defendant faces a lengthy sentence, which is an impetus to flee. He does not have a stable job. Also, the defendant failed to appear for a trial in Philadelphia. These factors support the government's position.

However, this court also recognizes that the defendant has strong family ties in this area. Also, the record is unclear as to why the defendant failed to appear to address a misdemeanor, while he appeared for various charges in the Commonwealth of Massachusetts. Defense counsel argues that perhaps he did not know about the trial. At this juncture, it is not necessary for this court to obtain more evidence concerning the Philadelphia matter. In view of this court's finding on the issue of dangerousness, this court declines to decide whether the record evidence before this court warrants a conclusion that no condition or combination of conditions -- short of pretrial detention -- would reasonably assure the appearance of the defendant.

### IV. ORDER OF DETENTION

IT IS ACCORDINGLY ORDERED that the defendant remain DETAINED pending trial, and it is further Ordered --

(1)    That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)    That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

(3)     On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

     / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge